UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NESTOR WILFREDO POZO,<br><br>Petitioner,<br><br>v.<br><br>A. HEDGPETH, Warden,<br><br>Respondent. | NO. CV 10-7847-PA (AGR)<br><br>ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION |

Pursuant to 28 U.S.C. § 636, the Court has reviewed the Petition, records on file, and the Report and Recommendation of the United States Magistrate Judge. Further, the Court has engaged in a *de novo* review of those portions of the Report to which Petitioner has objected. The Court accepts the findings and recommendation of the Magistrate Judge.

Petitioner raises a new argument in support of equitable tolling. He claims he has a "learning disability." (Objections at 14.) He claims further that AEDPA's statute of limitations "requires a mental comprehension Petitioner does not have."

///
///
///

(*Id.*)  He states that his reading TABE score is the grade equivalent of 5.7.[1]  (*Id.* at 15 & Ex. A.)

The one-page prison record dated December 12, 2006, showing his TABE score at that time does not satisfy the two-part test articulated in *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010), to establish eligibility for equitable tolling based on a mental impairment.  With respect to the first part of the test, Petitioner has not shown his impairment was "so severe" he could not "rationally or factually . . . understand the need to timely file" or that his "mental state rendered him unable personally to prepare a habeas petition and effectuate its filing."  *Id.*  With respect to the second part of the test, Petitioner has not shown diligence in pursuit of his claims "but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance."  *Id.* at 1100.

Petitioner filed three state habeas petitions *pro se* during the contested limitations period.  He filed the first in the Superior Court on October 28, 2008.  (Lodged Document ("LD") H.)  He filed the second in the California Court of Appeal on January 29, 2009.  (LD J.)  He filed the third in the California Supreme Court on December 4, 2009.  (LD L.)

In addition, in pretrial proceedings in California on January 25, 2006, the trial court held a *Marsden* hearing because Petitioner had requested appointment of new counsel.  (Objections, Ex. B.)  At the hearing, Petitioner complained that he had asked his counsel for his "paperwork so that I can study what's going on between me and everybody."  (*Id.* at A-3.)  Petitioner further stated to the trial judge that he needed his paperwork so he could "see what's going on."  (*Id.*)

---

[1] "The TABE (Tests of Adult Basic Education) scores reflect an inmate's educational achievement level and are expressed in numbers reflecting grade level."  *See In re Roderick*, 154 Cal. App. 4th 242, 253 n.5, 257 n.10, 65 Cal. Rptr. 3d 16 (Ct. App. 2007); *see also Marcelo v. Hartley*, 2008 WL 4057003, *4 n.7 (C.D. Cal. 2008).

Based on his request to counsel, Petitioner clearly felt that he was able to read and understand the paperwork connected to his case.

Finally, Petitioner filed his petition here *pro se* and filed an opposition to Respondent's motion to dismiss. Petitioner is not entitled to equitable tolling based on his "learning disability."

Petitioner's remaining objections are without merit.

IT IS ORDERED that Judgment be entered denying the Petition and dismissing this action with prejudice.

DATED: August 1, 2011

_____
PERCY ANDERSON
United States District Judge